| 94 | 469 |
| 34a | 532 |

LEWIS H. CRAIG *et al.*

*v.*

IRA G. SMITH.

PARTIES *in chancery—on bill to set aside deed obtained by fraud.* Upon bill to set aside a conveyance of land executed by the complainant, and alleged to have been obtained by fraud, and also to set aside a series of conveyances subsequent thereto, of the same land, alleged to have been made in aid of the fraud, the heirs of an intermediate grantor who had conveyed with covenant of warranty are not necessary parties, unless it appears that they have assets from the ancestor who made the covenant. If the heirs have received nothing from the covenantor they can by no possibility be made liable upon his covenant, and therefore would have no interest to be affected by the decree.

WRIT OF ERROR to the Circuit Court of Montgomery county; the Hon. H. M. VANDEVEER, Judge, presiding.

Mr. E. LANE, for the plaintiffs in error:

The object of the bill in this case was to cancel and set aside a certain deed, made by Ira G. Smith to William R. Hall, on the ground of fraud, and a conveyance from Hall to Tulliver Craig, and by the latter to Lewis H. Craig by warranty. Pending the suit Tulliver Craig died.

Tulliver Craig having made a warranty deed, his heirs, on his death, were necessary parties to the bill. *Herrington* v. *Hubbard,* 1 Scam. 569; *Prentice* v. *Kimball,* 19 Ill. 320; *Bonbon* v. *Galloway,* 13 id. 75; *Spear* v. *Campbell,* 4 Scam. 426; *McLennan* v. *Johnston,* 60 id. 311; *Bruff* v. *Leder,* 5 Gilm. 211; *Lynch* v. *Rotan,* 39 Ill. 15.

Messrs. RICE & MILLER, and Mr. BEN. E. JOHNSON, for the defendant in error:

Tulliver Craig, at his death, had no title in the land that could possibly have descended to his heirs, and they had no interest in it, and consequently were not necessary parties.

Mr. E. LANE, in reply:

As any deed which conveys the land will convey the covenants running with the land, the heirs of Tulliver Craig have an interest in the subject matter. *Brady* v. *Spruck,* 27 Ill. 428.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The original bill in this case was brought by Ira G. Smith, against William R. Hall, Tulliver Craig, Lewis H. Craig, Samuel T. Craig and two other parties said to claim some interest in the lands which are the subject of the litigation, to set aside a conveyance of said lands by complainant to William R. Hall, as having been obtained by fraud; also the subsequent conveyances by Hall to Tulliver Craig, and by

Tulliver Craig to Lewis H. Craig, and by Lewis H. Craig to Samuel T. Craig, as fraudulent as to complainant.

After the original bill was filed Tulliver Craig died, and on that fact being suggested to the court leave was given to amend the bill, which was done, after alleging the death, by a general statement that the title remained as stated in the original bill, and that all parties having any interest in the lands were then before the court. A demurrer was sustained to the original bill, and, on leave given, the bill was further amended so as to disclose more fully the fraudulent character of the transaction.

William R. Hall and Samuel T. Craig failed to answer the bill, and as to them it was taken as confessed. Answers were filed by Lewis H. Craig and Joseph Yankey, denying every material allegation of the bill, and claiming that Lewis H. Craig had purchased the lands from Tulliver Craig, in good faith, for a valuable consideration, and obtained a warranty deed for the same. The answers disclosed the names of the heirs at law of Tulliver Craig, deceased, and contained a demurrer to the bill because they were not made parties.

Replications to the answer were filed, and the cause was heard on bill, answer and replication, and testimony taken in open court, and the court found every material allegation of the bill to be true, and set aside all the deeds mentioned as null and void as against complainants. The facts found by the court, from the testimony, fully warranted the relief decreed.

As the record contains no certificate of evidence, defendant makes no question in this court that the facts were not well found by the court in its decree. The only point made is, that the heirs of Tulliver Craig should have been made defendants. In order to obtain a clearer understanding of the question made, it will be necessary to state some of the principal facts alleged in the bill and found by the court, on the hearing, to have been proved.

It is alleged that complainant was induced, by fraud, to execute and deliver to William R. Hall a warranty deed for the lands in controversy for the consideration stated in the deed of five hundred dollars, and for certain lands in Missouri to be conveyed by good deed to complainant. The five hundred dollars were never paid, and was not intended to be paid, nor did Hall ever convey or offer to convey the Missouri land to complainant.

Tulliver Craig claimed to be acting as the agent of Hall in the matter, and as soon as the deed was made to Hall for the lands Craig took possession of the same, and he and his family have continued to occupy them. It appears that Tulliver Craig caused a man by the name of Fulmer to convey the Missouri land to complainant, but he was not satisfied the title thus obtained was good; and, afterwards, Craig caused Fulmer and a man by the name of Allen to make a second deed to complainant for the Missouri land, but it turned out both of them were strangers to the title, so that complainant obtained no title whatever to the land he was to receive in exchange for his own. Every reasonable effort was made to discover whether there was any such person as William R. Hall, but no information could be obtained concerning him.

As we have seen, a deed purporting to have been made by Hall was placed on record, which conveyed the lands complainant conveyed to him, to Tulliver Craig, and he conveyed the same to his son Lewis H. Craig, and he to his brother Samuel T. Craig. All of these deeds contained covenants of warranty as to the title, except the deed from Lewis H. Craig to Samuel T. Craig. That is alleged to have been a quitclaim deed. It is also alleged that each of the several conveyances was made without any valuable consideration to support it; that such conveyances were made as a part of a scheme to defraud complainant of his land, and these allegations the court found were fully sustained by the proof.

The rule is well settled, that all persons whose interest will be affected by a decree should be made parties, that their

interests and rights may not be cut off without an opportunity to be heard in defence of those rights, whatever they may be. Where the controversy relates to lands, and the right or title of the party omitted must necessarily be passed upon or affected by the decree, the objection must be taken on the hearing. Most generally the question of the want of proper parties is raised by demurrer, but when it does not appear on the face of the bill the objection should be made by plea or answer. The difficulty does not lie in ascertaining the rule but in its application to the facts of the case at bar. What interest had the heirs of Tulliver Craig in the lands involved in this litigation? Certainly none. Their ancestor had conveyed them in his lifetime, and of course no interest in such lands did or could descend to them. But it is said they may be liable on the covenant of warranty in the deed made by their ancestor, and ought to have been afforded an opportunity to defend the title their ancestor had warranted when it is assailed. Whether any liability would ever devolve upon them depends primarily on a fact not disclosed nor made to appear on this record, viz: whether assets had or would come to them from the estate of their ancestor. The extent of the liability would in any event depend on the value of such assets. It does not, therefore, appear by this record that the heirs of Tulliver Craig have any interests either directly or · remotely that could be affected by this decree. It is certain they had no title to the lands, for their ancestor had conveyed in his lifetime. The answer discloses no state of case under which the heirs, by any possibility, could be made liable on any covenant made by their ancestor and running with the land.

It does not appear on the face of the bill that the heirs have any interest in the subject of the litigation, nor are any facts disclosed by plea or answer that show they have any interest whatever that could be affected by the decree. The cases cited by counsel for defendants are not analogous with

the one at bar, and can not, therefore, be regarded as controlling it.

In *Spear* v. *Campbell*, 4 Scam. 424, the bill was filed to set aside a conveyance of lands as having been made for the fraudulent purpose of avoiding the payment of the grantor's debts due to complainant. The judgment debtor was not made a party, and it was held the omission was error. It appeared on the face of the bill he might be affected by the decree, and it was thought he ought to have been allowed an opportunity to show the debt had been fully paid or discharged, and to maintain the validity of the conveyance of his lands with covenants of title, apparently for a valuable consideration and without fraud or collusion.

One reason that suggests itself for that conclusion is, that there was a personal liability resting on the covenantor to maintain his covenants. But that is not the case here. The omitted parties here do not appear from anything on the face of the bill, nor is anything alleged, by plea or answer, to show they have interest to maintain the grant made by their ancestor. That, as we have seen, will depend on the fact whether assets shall come to them from his estate,—a fact not made known by this record.

In *McLennan* v. *Johnston*, 60 Ill. 306, the omitted party held the legal title to a portion of the lots of land involved in the litigation, and she was held to be a necessary party; that a remote grantor might not thereafter be exposed to liability to her on the covenant contained in his deed. The case at bar bears no likeness to that one in its facts.

It will be noticed that in the case cited, the omitted party was the one who could sue on the covenants running with the land. Here, the party who could sue, if any one could, on the covenants running with the land, is made a party, and is concluded by the decree that finds his deed is fraudulent and void. And in this case their ancestor had conveyed the lands in his lifetime, and the omitted parties had no interest whatever in the lands themselves; and, as we have seen, it is

not made to appear by plea or answer they had any interest in maintaining the covenants of their ancestor.

As·the case comes before us the decree must be affirmed, which is done.

*Decree affirmed.*