(No. 14625.—Decree affirmed.)
WILLIAM H. KUFKE, Appellant, *vs.* OSCAR W. BLUME *et al.*
Appellees.

*Opinion filed October 21, 1922.*

1. MORTGAGES—*owner of the equity may confess judgment to enable bona fide creditor to redeem.* The owner of the equity of redemption has the right to confess judgment for a *bona fide* indebtedness for the purpose of enabling a creditor to redeem.

2. SAME—*when redemption is not governed by the act of 1917.* The amendment of 1917 to the act on judgments, decrees and executions does not govern the amount required to redeem from a foreclosure sale where the mortgage was executed prior to July 1, 1917, as the amendment expressly provides that in such case sales under decrees of foreclosure shall be governed by the act as it existed before the amendment.

APPEAL from the Circuit Court of Cook county; the Hon. GEORGE FRED RUSH, Judge, presiding.

EDWARD L. ENGLAND, for appellant.

WINTERS, PRICE & STEVENS, (GEORGE M. STEVENS, and JULIAN CLAY RISK, of counsel,) for appellees.

Mr. JUSTICE FARMER delivered the opinion of the court:

This appeal is prosecuted from a decree dismissing for want of equity a bill in chancery filed by appellant. In January, 1919, appellant obtained a decree in a proceeding for the foreclosure of a mortgage on premises owned by Emma Daniels. The amount found due was $1865. The premises, a house and lot, were sold by the master in chancery under the decree to appellant for $1000. The master reported the sale and issued a certificate of purchase to appellant. March 3, 1920, Mrs. Daniels executed and delivered to her nephew, Oscar W. Blume, a judgment note for $2000. March 10 Blume took judgment on the note by confession for $2052.50. He caused an execution to be issued April 20

and placed it in the hands of the sheriff to execute. On the same day he paid the sheriff $1064.33 for redemption from the sale under the foreclosure decree. The property was sold to Blume by the sheriff under the execution on May 18, 1920, and a deed was executed and delivered to him for the premises. The bill alleges the $2000 note given by Mrs. Daniels to Blume was without consideration; that giving the note and taking judgment thereon were parts of a fraudulent scheme entered into by Mrs. Daniels and Blume to redeem the premises from the foreclosure sale and fraudulently deprive appellant of his rights as purchaser at that sale. The relief prayed was that the note be declared without consideration and the judgment and redemption be declared void and set aside as a fraud upon appellant's rights. All the material allegations necessary to the relief prayed were denied by defendants. The cause was referred to a master in chancery to take the testimony and report conclusions. The master reported appellant had failed to prove his bill and recommended that it be dismissed for want of equity. The chancellor entered a decree in accordance with the master's recommendation, and this appeal is prosecuted from that decree.

The decision of the case depends mainly on whether the note of Emma Daniels to Blume was given for a *bona fide* indebtedness. On that question appellant himself testified Blume told him Mrs. Daniels did not owe him a cent; that the note was false; that it was given and judgment entered on it so that Blume could redeem as a creditor. The two sons of appellant corroborated him, and another witness testified to hearing Blume at another time say things indicating the note and judgment were fraudulent, for the purpose of helping Mrs. Daniels get the property back. Two other witnesses, a husband and wife, testified Mrs. Daniels said she had secured a false judgment to be rendered for $2000, by virtue of which Blume was going to defeat appellant's right to the property, and at another time said her

304—19

scheme had worked successfully. Mrs. Daniels did, after
the redemption, contract for the sale of the property to John
Williams for $3500, but the contract was abandoned and
the sale was not consummated. Blume was the owner of a
grocery store. While he was in the army and when he was
away engaged in other enterprises his mother ran the store.
She was the sister of appellant and Mrs. Daniels. Blume
exhibited and offered in evidence seven notes of Mrs. Dan-
iels to him, aggregating $1005. They ranged in dates from
June, 1916, to February 1, 1920, and in amounts from $85
to $235. He testified they were all for borrowed money.
He also had an account against her for groceries bought
on credit from 1914 to September, 1919. The notes and
the account were the consideration for the $2000 note Mrs.
Daniels gave him March 3, 1920. He took judgment on
the note for the purpose of redeeming the property from
the foreclosure sale. It appears from the evidence the re-
demption was made for the benefit of Mrs. Daniels after
Blume got his money. He and Mrs. Daniels believed the
property worth more than the amount required to redeem,
and Mrs. Daniels was to have the benefit of the excess if
it was sold. He denied making the statements testified to
by appellant and his witnesses. He testified the seven notes
were for money actually loaned by him to Mrs. Daniels on
the dates they bore, and the $1006.19 was for groceries sold
and delivered on credit. His mother corroborated him as
to the correctness of the grocery account. It was not con-
troverted that the seven notes bore the genuine signature of
Mrs. Daniels or that they were unpaid. Appellant argues
that they were not given for a *bona fide* indebtedness, but
the only proof to sustain that position was the testimony
offered by appellant of statements made by Mrs. Daniels and
Blume. The master found and reported that appellant's tes-
timony did not warrant a decree that the $2000 note was
without consideration and was given for the fraudulent pur-
pose of enabling Blume to redeem and defraud appellant. A

consideration of the testimony leads us to the same conclusion. The owner of the equity of redemption has the right to confess judgment for a *bona fide* indebtedness for the purpose of enabling a creditor to redeem. *Kerr* v. *Miller,* 259 Ill. 516; *Strauss* v. *Tuckhorn,* 200 id. 75.

The sale to appellant was made in accordance with the provisions of the act on judgments, decrees and exemptions as it existed prior to the amendment July 1, 1917. By the amendment the person redeeming from a sale was required. to pay the full amount of the judgment or decree, whereas under the original act the person redeeming was required to pay only the amount the land sold for. The amendment of 1917 expressly provided it should not apply to sales under decrees of foreclosure of mortgages executed prior to July 1, 1917, but that such sales should be governed by the act as it existed before amendment. Appellant contends that if Blume had the right to redeem, the redemption was required to be made in accordance with the act of 1917 by paying the whole amount of the decree. He did not do that but paid the amount appellant bid for the property at the master's sale. For that reason it is urged there was no valid redemption. We are of opinion that position of appellant is untenable. The mortgage foreclosed was executed prior to 1917, and there is no dispute its foreclosure and the sale were governed by the law as it existed prior to July, 1917. That being true, the act of 1917 did not apply to the redemption but the prior statute applied and fixed the terms of redemption. The point does not appear to have been heretofore raised in this court, but a redemption under precisely similar circumstances was made in *Garden City Sand Co.* v. *Christley,* 289 Ill. 617, and it was treated as a valid and proper redemption in that case, though the question which statute governed the redemption was not raised.

Appellant contends the indebtedness of Mrs. Daniels to Blume, if there was any, was contracted after July 1, 1917, and for that reason he was governed by the new act in mak-

ing the redemption. We do not agree with the soundness of that position, but we may add the proof shows a substantial part of the notes given by Mrs. Daniels to Blume was given before July 1, 1917, and part of the account for groceries was contracted before that time.

The chancellor did not err in dismissing the bill, and the decree is affirmed.                    *Decree affirmed.*