(No. 31253.

ROSE BALASZEK *et al.,* Appellees, *vs.* FRANK BLASZAK *et al.,* Appellants.

*Opinion filed January 18, 1950.*

STANLEY WERDELL, of Chicago, for appellants.

THOMPSON, CHAMBERS & THOMPSON, of Chicago, (LA-VERN W. THOMPSON, of counsel,) for appellees.

Mr. JUSTICE GUNN delivered the opinion of the court:

The plaintiffs, Rose Balaszek and Michael F. Owczarzak, hereinafter designated as Rose and Michael, sued Frank Blaszak and his wife, and Thomas Owczarzak and Helen Fleming Czachorski, an attorney, hereinafter designated as Blaszak, Thomas and Helen, in the superior court of Cook County. The purpose of the suit was to have a redemption made by defendant Blaszak from foreclosure sale declared fraudulent, and for the court to decree that he held title to the property redeemed for the benefit of Thomas and Michael. The pleadings were amended many times, with two references to a master, and the best manner in which to make the issue between the parties clear and intelligible is to state the transactions between the parties, as disclosed by the record.

In 1939, the premises, which consisted of a building containing three apartments and some vacant lots, were owned by Thomas and Michael, subject to a life estate in Victoria Owczarzak in Michael's one-half. The three executed a mortgage to the Hegewish Savings & Loan Association in the amount of $1500, which was subsequently foreclosed and the property sold to the mortgagee under decree of foreclosure dated May 2, 1943, and a certificate of purchase issued. After this the following transactions took place: May 12, 1944, after the twelve months' redemption period, Thomas gave a note for the amount of $2600 to Blaszak; August 1, 1944, Rose took a judgment against Michael in the amount of $1023.13; August 1, 1944, Michael added his name to the note for $2600 given

to Blaszak, and a judgment was confessed against both Thomas and Michael for $2830, and an execution under the judgment of Blaszak placed in the hands of the sheriff before the execution under the judgment in favor of Rose, and redemption made from the loan company's sale; September 1, 1944, Michael executed a warranty deed to Rose and Victoria Owczarzak as joint tenants; November 3, 1944, redemption not having been made from the Blaszak sale a sheriff's deed was executed to Blaszak; November 1, 1944, Blaszak mortgaged the premises for $3500; August 30, 1946, Thomas died leaving a will, devising all of his property to Blaszak; February 24, 1949, Michael died.

From time to time the above transactions were set out by amendments, and the contention is made that there was no consideration whatsoever for the note given by Thomas to Blaszak, and the defendant Blaszak in turn claims that there is no consideration for the note given to Rose.

The complaint makes Helen Fleming Czachorski a party defendant because it is claimed that she was a party to the conspiracy between Thomas and Blaszak, resulting in the fraudulent redemption. The master made his preliminary report recommending that the complaint as to Helen be dismissed for want of equity, since there was no evidence to sustain the charges, and this was accordingly done by the court, but it retained jurisdiction to hear the evidence on the part of the defendants. After all of the evidence was in, the master in chancery made a recommendation that the redemption and the deed to Blaszak be held valid, and that Victoria have a right to occupy the first-floor apartment for six years without rental, in accordance with an agreement made between Thomas and Blaszak.

The master further found that the note given Rose by Michael, upon which she confessed judgment, was without consideration. Exceptions were filed to the report, and sustained in part, and a decree entered by the chancellor substantially as follows: That Michael was fraudulently in-

duced to sign the $2600 note to Blaszak, and that said note was fraudulently executed for the purpose of making a fraudulent redemption, and that the redemption was void and fraudulent as to Thomas and Michael, and their grantees and devisees. It is also decreed that the note of Rose, upon which she confessed judgment, was without consideration, and would not have entitled her to redemption from the foreclosure.

The decree further provided that the deed of September 1, 1944, from Michael to Rose and Victoria was valid, and vested in each of them an undivided one-half interest of the interest formerly owned by Michael, and that Blaszak was the owner of the other one-half of the property by reason of the will of Thomas. The decree also held that the mortgage of $3500 placed upon the premises was valid, and that the deed made to Blaszak upon redemption be cancelled, and that an accounting be had between the parties, in which Blaszak was to be credited with one half of the rental value of the premises after the death of Thomas, and for one half of the sum advanced for redemption of the mortgage, and for one half of the payments on principal and interest made on the $3500 mortgage, and that he be charged with one half of the mortgage due, and that Rose and Victoria be charged with the other one-half. A freehold is necessarily involved.

The defendant Frank Blaszak assigns many errors in the decree of the lower court, but they may be summed up as follows: (1) The alleged error of the court in entering the decree after a change of venue had been granted; (2) the absence of necessary parties; and (3) in decreeing the redemption made by Blaszak void as without consideration and fraudulent. The first two points involve questions of law, and the last is largely a matter of evidence.

The facts disclosed with reference to the change of venue are rather unusual. It appears that in April, 1947, the defendant, Helen, petitioned for a change of venue

from numerous judges, including Judge Padden, the chancellor who entered the decree in this case, and that on April 18, 1947, an order of the executive committee assigned the cause to Judge Donald McKinlay, and that Judge McKinlay heard and acted upon the exceptions filed to the master's report. After the chancellor had a hearing upon the exceptions to the master's final report, the defendant Blaszak filed his motion, and moved that the cause be transferred back to the docket of Judge McKinlay for a hearing on the exceptions to the master's final report, which motion was denied by Judge Padden.

The contention is made that Judge Padden had no jurisdiction to enter the decree in this case because of a motion for a change of venue made by the defendant, Helen, in April, 1947. This case was originally filed in November, 1944, at which time Helen was not a party. The complaint was amended in April, 1945, and Helen was made a party, and she filed an answer to the complaint. After the evidence was taken and the preliminary report made by the master, and objections filed thereto, Helen filed an affidavit for a change of venue from six of the superior court judges of Cook County, including Judge Padden, and in her affidavit stated she had learned that the six judges were prejudiced against her. The two defendants Blaszak and Antoinette Blaszak consented to the affidavit in writing. There is nothing in the affidavit that discloses any of these judges were prejudiced against the Blaszaks, nor does the affidavit purport to be made for and in their behalf. The statute requires the application be either made or consented to by three fourths of the parties, if there is more than one party. We do not construe this to mean that merely because the Blaszaks had no objection to Helen having a change of venue there is any indication that there was any prejudice against them.

We might remark that while we know of no direct authority requiring specifications of grounds of prejudice as

against a single judge, we think it extremely unusual that an application should be made against a number of judges, without any reason being assigned as to why all of them have a personal prejudice. It is not a practice that appeals to us.

The law is settled that the court does not lose jurisdiction because of an order of change of venue. While the trial court should not proceed to hear the cause against one who has made an affidavit that the chancellor is prejudiced, yet, where a cause has been pending for a long time, and the change of venue overlooked, it is the duty of the objecting party to call the attention of the court to the fact that there has been a change of venue granted. (*Sampson* v. *People,* 188 Ill. 592.) And where a cause has proceeded to hearing before a judge from whom a change of venue has been granted, without objection, the error, if any, is waived. (*Noyes* v. *Kern,* 94 Ill. 521; *DuQuoin Water-Works* v. *Parks,* 207 Ill. 46.) The record in this case discloses that the defendants are attempting to take advantage of a motion for change of venue made on behalf of Helen, and not in their behalf, and after the court had heard the argument on the exceptions filed to the master's report. We think this point is entirely without merit.

Appellants also claim that the registrar of titles and the heirs of Michael were necessary parties. The purpose of the suit in this instance was to set aside the redemption from mortgage sale made by Blaszak, because of an alleged fraud. The registrar of titles was not interested in the result of the suit, and although he had previously declined to register the deed from Michael to Rose, that did not make him an interested party, necessary to be brought before the court in a cause between the redemptioners of a foreclosed piece of property. Whenever the merits of the present cause are determined by the decree of the court the registrar will undoubtedly cause the records in his office to disclose the true state of the title. If he fails to do so,

then the statute provides a method by which the title of the owner of a piece of property may be registered. He is neither a necessary nor a proper party to this proceeding. Neither are Michael, or his heirs, necessary parties because in 1944, long before his death in 1949, he gave a warranty deed for his interest in the premises to Rose Balaszek and Victoria Owczarzak. A party who has conveyed his interest in real estate is not a necessary party to a proceeding affecting the title to the property between subsequent owners. *Craig* v. *Smith,* 94 Ill. 469.

The principal objection to the decree of the court is that in some respects the court overruled the report of the master in chancery and decided the case against the weight of the evidence. We have examined the long record in this case, and it appear to us that it is a family conflict as to who would obtain an equity of some value in the property foreclosed. There is no question that both Michael and Thomas had lost their interests under foreclosure, as had also the mother, Victoria. . They had no means of their own that they could use for redemption purposes, and there is some evidence that they were not in complete accord amongst themselves. The evidence is very conflicting, and the testimony of some witnesses in a number of instances conflicts with the testimony given on former occasions.

It appears without question that both Rose and Blaszak were equally anxious to redeem the property, and, while Rose obtained her judgment earlier, Frank succeeded in making redemption first. However, the court held that both redemptions were fraudulent, and on that proposition we think there is evidence to sustain the court. There is no evidence that Thomas owed Blaszak anything. He applied to Blaszak, who finally raised $2400, and disbursed it in redeeming the property and discharging a judgment against Michael and Thomas, and paying Helen an attorney fee, and then immediately borrowed $3500 from the loan association that foreclosed the mortgage. This was made

possible because of the judgment obtained upon a note that the court found was wholly without consideration, and made for a fraudulent purpose.

Without recounting all of the facts shown in the record, we think the conclusion reached by the court from the evidence is justified. And without going into the details of the matter we think the finding of the court that the note given to Rose was likewise wholly without consideration, and made for the purpose of allowing the plaintiff Rose to redeem the same property, was correct. The court, we believe, has rendered complete equity between the parties. It charges each of them with one half of the mortgage and expenses incurred, and each of them receives one half of the property, Blaszak, as the devisee of Thomas, and Rose and Victoria as the grantees of Michael. There is little doubt that a judgment obtained where there is no debt for the purpose of making redemption is fraudulent and void. (*Atlas Nat. Bank* v. *More*, 152 Ill. 528; *Elting* v. *First Nat. Bank*, 173 Ill. 368.) And it has been held that a redemption made on a judgment greatly in excess of the amount of the real debt is fraudulent. (*Burnham* v. *Roth*, 244 Ill. 344; *Kufke* v. *Blume*, 304 Ill. 288.) And, of course, any judgment obtained where the jurisdiction to render the relief sought is procured through fraud is void, and may be collaterally attacked. *Plank* v. *Plank*, 303 Ill. 254; *People* v. *Sterling*, 357 Ill. 354.

The decree of the court in holding the redemption void as to the persons who redeemed, yet valid as to the original mortgagee, is proper, because a redemption may be made by anyone from whom the mortgagee will accept the money. If the mortgagee is satisfied, it is no concern of other people. *Williams* v. *Williston*, 315 Ill. 178.

The appellants have cited many cases on elementary principles of law, well known to the court and the profession, which we do not discuss because the only questions meriting discussion are those pointed out above.

44

We cannot avoid commenting upon the fact that the abstract contains many unnecessary motions and documents which throw no light upon the case, and which do not aid us in determining the merits thereof. We have carefully examined the briefs and the record before us, and have come to the conclusion that the court entered a just and equitable decree, which is not contrary to the evidence, and its decree is accordingly affirmed.

*Decree affirmed.*