THOMAS J. WOOD, Defendant-Appellant, *v.* STEPHEN F. WANECKE *et al.*,
Plaintiffs-Appellees.

First District (3rd Division)    No. 79-1484

Opinion filed September 30, 1980.

Jeff Gulbrandsen, of Chicago, for appellant.

William T. Dwyer, Jr., of Connolly, Dwyer & Ekl, of Chicago, for appellees.

Mr. JUSTICE SIMON delivered the opinion of the court:

By written agreement dated February 5, 1969, plaintiffs Wanecke and Killoren, defendant Thomas J. Wood and his brother Philip S. Wood contracted with Mr. and Mrs. Jeffrey Brisson, sellers, to purchase 39 acres of farmland. Although he was not a party to the agreement, the initials of Charles A. Stulb appear in the margins of the purchase agreement and, together with the initials of Philip S. Wood, alongside several changes in the contract. The agreement provided for payment of the purchase price by a down payment and two annual installments.

On October 3, 1969, the plaintiffs, the defendant and his brother each assigned their interest in the purchase agreement to a land trust in the Oak Park National Bank. The trust agreement named only the plaintiffs and defendant as beneficiaries, with the former each receiving a 37½ percent interest and the latter a 25-percent interest.

On February 5, 1970, the three beneficiaries entered into a written agreement. It first recited the creation of the land trust by assignment to it of all rights and obligations of the purchasers under the agreement with Mr. and Mrs. Brisson and the interest of each of the beneficiaries in the trust. The agreement provided that each party would make contributions to the purchase price equal to the percentage of beneficial interest he owned, and that if he failed to meet his share of the payments, the other beneficiaries could make them, the percentage of beneficial interest of each beneficiary to be adjusted pro rata based on the amount contributed.

When the total purchase price for the Brisson property was finally

paid, Thomas J. Wood had contributed only 8.992 percent of the total principal payments. Wanecke and Killoren had paid the balance.

Plaintiff filed this action on January 25, 1977, seeking specific performance of the February 5, 1970, agreement. The complaint also sought a declaratory judgment adjusting the trust interests of the beneficiaries in accordance with that agreement and on the basis of the pro rata amount of the purchase price each beneficiary had paid. In his answer and counterclaim, the defendant Thomas J. Wood stated that he was entitled to a 25-percent beneficial interest in the trust. His version of the deal was that he and his associates (his brother, his father Thomas A. Wood and Charles A. Stulb, all co-workers of defendant in the Wheaton Post Office) were to contribute 25-percent of the down payment, that Wanecke and Killoren were to make the second and third payments on the installment purchase and that Wood group would have a 25-percent interest in the property.

The trial judge, after hearing the evidence and weighing the credibility of the witnesses, including the defendant, his father and Stulb, found all issues for the plaintiffs and directed that the proportionate interests of the parties in the trust be established to reflect their respective contributions to the purchase price.

Defendant Wood raises several issues on appeal. First, he claims that his father, brother and Stulb had each contributed to the purchase price and were therefore necessary and indispensable parties in whose absence relief could not be granted. Wood also contends that the February 5, 1970, agreement was void because Killoren breached his fiduciary duty to the defendant by acting as his attorney in preparing the contract and advising him to sign it while at the same time having an interest in the contract as a principal. Finally, Wood argues that specific performance was improper because the contract was uncertain in its terms, ambiguous on its face and lacked consideration.

■■ To be a necessary party to litigation one must have a present and substantial interest in its subject matter. (*Sullivan v. Merchants Property Insurance Co.* (1979), 68 Ill. App. 3d 260, 262, 385 N.E.2d 897, 898.) The principles announced in *Sullivan* were:

"' * * * the individual or entity involved must have a present substantial interest, as opposed to a mere expectancy or future contingency [citation], in the controverted matter such that this legal entanglement cannot be resolved without either (1) affecting the interest or (2) leaving the interest of those who are before the court in an embarrassing or inequitable position. [citations.]' Furthermore, as to the requirement of a present interest, the quality of this interest is determined by the issues of the case as

formulated by the pleadings and the evidence." 68 Ill. App. 3d 260, 262, 385 N.E.2d 897, 898.

The subject matter of this action is the specific performance of the February 5, 1970, contract between the plaintiffs and the defendant and a determination of the interest of each of the beneficiaries in the land trust. ■■ The only purchaser named in the February 5, 1969, agreement with the Brissons who defendant claims is a necessary party is the defendant's brother, Philip S. Wood. Having assigned all his interest in that agreement to the trust without reserving any interest in the property or being named a trust beneficiary, and not being a party to the subsequent contract, Philip S. Wood was no longer a necessary party to any action relating to the purchase agreement, the trust or the contract. *Balaszek v. Blaszak* (1950), 405 Ill. 36, 89 N.E.2d 796, is instructive on Philip's status. The court there said:

> "A party who has conveyed his interest in real estate is not a necessary party to a proceeding affecting the title to the property between subsequent owners." 405 Ill. 36, 42, 89 N.E.2d 796, 799.

■■ The defendant's further argument that his father, Thomas A. Wood, his brother and Stulb are necessary parties to this action is defused by the result of a previous attempt they made to intervene in this action. In their attempted intervention, they asserted that a constructive trust was created in their favor in October 1969 by an oral contract between them and the plaintiffs. They first raised this issue by their intervening petition filed in 1977. After numerous hearings and briefs the trial judge dismissed the intervening petition, ruling that it was barred by the Illinois 5-year limitations statute applicable to oral agreements. (Ill. Rev. Stat. 1977, ch. 83, par. 16.) Neither defendant's father, his brother nor Stulb have appealed from that order and the defendant does not attack its propriety in his appeal. Thus, defendant's father, his brother and Stulb are precluded from asserting their interest in the subject matter of this action.

■■ The defendant contends that the circuit court order upheld the statute of limitations defense, but did not rule on the merits that those who were seeking to intervene were not necessary parties. He thus argues that the circuit court's ruling does not bar him from contending that they are necessary parties. It is now settled that defendant's father, his brother and Stulb are time barred from asserting any interest in the property which is the subject matter of the February 5, 1969, purchase agreement, the October 1969 trust of the February 5, 1970, agreement. Any interest they might have is unenforceable. Intervenors are to have the same rights as original parties. (Ill. Rev. Stat. 1977, ch. 110, par. 26.1(1),(6).) The converse should also be true—that original parties have the same rights as intervenors. Thus, parties barred from intervening would also be barred

from bringing an original action. Necessary or not, they have no right which can be enforced due to the operation of the statute of limitations. It would be anomalous for the defendant to be able to catapult his father, his brother and Stulb into the status of necessary parties when they are barred from asserting that status on their own. We hold in the language of *Sullivan v. Merchants Property Insurance Co.* that because of the operation of the statute of limitations, they have neither a present expectancy nor a future contingency in the controverted matter such that the controversy cannot be resolved without leaving the interest of those before the court in an inequitable position. If the defendant recognized any interest of those he declares were his associates, he was in a position to, and did, adequately protect their interest in this litigation.

Killoren disputes the defendant's argument that he violated his attorney-client fiduciary duty to the defendant by asserting he never entered into such a relationship. The evidence as to whether plaintiff Killoren acted as attorney for defendant Wood is conflicting. Killoren conceded he acted as attorney for the joint venture in which he, plaintiff Wanecke and defendant Wood were the participants in connection with the purchase agreement with the Brissons. But he denied rendering any legal services to defendant as an individual or in connection with the February 5, 1970, agreement. The evidence shows Killoren's law firm was paid a total of $199.77 and this was for time spent in reviewing contracts dealing with the purchase of the Brisson property. The bill was paid from joint funds of the plaintiffs and the defendant.

The trial judge had reason to question the reliability of defendant's testimony. The defendant testified he was not an agent for his father, brother and Stulb. Yet in his verified answer and counterclaim he alleged under oath that at all times he acted as their agent.

■■ Because the evidence was conflicting and there was evidence to support the trial court's conclusion, we should not substitute our judgment for that of the trial judge who heard and viewed the witnesses. (*Terminal-Hudson of Illinois, Inc. v. Goldblatt Brothers, Inc.* (1977), 51 Ill. App. 3d 199, 206, 366 N.E.2d 486, 491; *Witvoet v. Berry* (1977), 48 Ill. App. 3d 485, 488, 359 N.E.2d 1117, 1120.) The trial court having found that Killoren did not act as defendant's attorney, Killoren owed him no fiduciary duty.

■■ Defendant argues that the February 5, 1970, agreement cannot be enforced because it is uncertain and ambiguous. He contends it refers to payments for an extension granted by the Brissons without setting forth what the terms of such payment were to be. Defendant misreads the agreement. The payments required by the Brisson extension proposal are set forth in one of the preambles. The agreement also specifically sets forth the proportion of the extended payment each of the parties was

expected to pay, depending on whether defendant made a payment which he had failed to pay, but which the plaintiffs paid to avoid a default. We find no uncertainty in the agreement.

Nor is ambiguity shown. As defendant contends, one of the paragraphs in the agreement contains matters identical to those in another paragraph which defendant deleted. But defendant's deletion of one of the two paragraphs does not indicate that the paragraph not stricken was ambiguous, only duplicative.

■ Finally, the defendant argues that the February 5, 1970, agreement lacks consideration. In consideration of defendant's agreement to have his interest in the trust measured in proportion to the payment he actually made, plaintiffs agreed to advance additional sums to cure any default by defendant in payment of his share. Such a default would have cost defendant his entire investment. This was adequate consideration for the defendant's execution of the agreement.

Judgment affirmed.

McNAMARA and RIZZI, JJ., concur.