*In re* MARRIAGE OF ANTOINETTE MIERLAK, a/k/a Antoinette Warner, Petitioner-Appellee, and JOHN MIERLAK, Respondent-Appellant.

First District (4th Division)    No. 80-1605

Opinion filed September 10, 1981.

Gregory A. Friedman and Susan A. Kimmelman, both of Coffield, Ungaretti, Harris & Slavin, and James T. Friedman, both of Chicago, for appellant.

Joel S. Chernoff, of Hoffman Estates, and William J. O'Connor, of Chicago, for appellee.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

Respondent appeals from the denial of a section 72 petition in which respondent sought to vacate that portion of a judgment that awarded the marital home to the wife petitioner. Respondent raises the following

issues for review: (1) whether the trial court erred in ordering conveyance of the property interest of a respondent in default; (2) whether the trial court erred in granting relief greater than the relief prayed for in the pleadings; (3) whether the trial court erred in failing to hear evidence and make findings with respect to the disposition of marital property; (4) whether failure to notify respondent that the proceedings would deal with his property was a denial of due process; and (5) whether the trial court had personal jurisdiction.

We affirm.

The petition for dissolution was filed August 11, 1978. The petitioner sought dissolution of marriage, custody of the minor child, and such other relief as the court deemed proper. The petition did not ask for disposition of the marital home. Respondent was served a copy of the summons and petition on September 1, 1978, while he was incarcerated at the Federal Correctional Institute in Lexington, Kentucky. Respondent did not file an answer.

At the proceedings held January 26, 1979, Philip Caloger, attorney, filed an appearance on behalf of the respondent. Caloger stated that he had been engaged by the respondent's brother to appear on respondent's behalf. At the proceeding, petitioner was granted leave to amend the petition and substitute "conviction of a felony" as grounds for dissolution. Petitioner gave testimony, requested restrictions on visitation rights, and requested that the marital home at 8100 North Merrill, Niles, Illinois, be awarded to her. Petitioner testified that the home had been purchased 7 years before for $38,000 and had a mortgage of $28,000. Petitioner agreed to assume the mortgage and agreed to forgo maintenance. Personalty consisting of a car, tools, and other belongings of the respondent were transferred to the respondent's brother for safekeeping.

The petitioner asked leave to file an amended petition to conform the pleadings to the proof. The amended petition, however, was never filed. The judgment of dissolution was entered June 14, 1979. The judgment directed respondent to convey by quit claim deed his interest in the marital residence within 30 days of entry of judgment. If respondent failed to convey, an associate judge of the land title division of the Circuit Court of Cook County would execute a deed.

On November 28, 1979, respondent was released from the Federal Correctional Institute. On December 18, 1979, an associate judge executed a deed to the property. Respondent was not given notice of the conveyance. The property was later sold.

On February 8, 1980, respondent filed a petition under section 72 (Ill. Rev. Stat. 1979, ch. 110, par. 72) seeking to vacate that part of the judgment that awarded the marital home to petitioner. Respondent alleged he was not aware that property would be awarded at the pro-

ceeding. The relief sought in the pleading was dissolution of the marriage and custody of the minor child. Respondent stated that he did not respond to the petition because he believed the relief requested was all that the court would grant. Petitioner responded to the section 72 petition and requested dismissal on grounds that respondent had notice and was represented by an attorney at the dissolution proceedings. On May 2, 1980, the court denied the section 72 petition. Respondent appeals.

A party must receive notice that his interest in the marital home is involved in the divorce proceeding so that he may have an adequate opportunity to defend his interest in the property at the proceedings. See *Graff v. Graff* (1979), 71 Ill. App. 3d 496, 389 N.E.2d 1206; *Klaisner v. Klaisner* (1975), 28 Ill. App. 3d 110, 328 N.E.2d 341.

The basic requirements of procedural due process are notice and opportunity to be heard and to defend in an orderly proceeding adapted to the nature of the case. See *Milenkovic v. Milenkovic* (1981), 93 Ill. App. 3d 204, 416 N.E.2d 1140; *Lescher v. Barker* (1978), 57 Ill. App. 3d 776, 373 N.E.2d 1007.

The record shows that respondent received notice of the proceeding when he was served with a copy of the summons and petition while he was incarcerated at the Federal Correctional Institute in Lexington, Kentucky. The adequacy of this notice is not disputed. Respondent contends he was deprived of an opportunity to be heard and defend because the appearance by attorney Philip Caloger was unauthorized. Petitioner contends the appearance by attorney Caloger on behalf of respondent gave respondent adequate opportunity to defend his interest in the marital property.

■■ Generally, where an attorney appears of record for a party, the presumption is that the appearance in such a capacity was duly authorized by the person for whom the attorney appears. (*Gray v. First National Bank* (1944), 388 Ill. 124, 129, 57 N.E.2d 363, 365.) The presumption, however, is not conclusive and may be rebutted by evidence to the contrary. *Zych v. Jones* (1980), 84 Ill. App. 3d 647, 651, 406 N.E.2d 70, 74.

In bringing his section 72 petition, respondent claimed that Caloger did not represent him. Caloger had stated to the court on filing his appearance that he had been engaged by respondent's brother. Yet, respondent did not offer affidavits or testimony from Caloger or respondent's brother that the appearance was not authorized. Respondent's statement of denial was all that was offered to rebut the presumption.

This case can be distinguished from *People v. Mickow* (1978), 58 Ill. App. 3d 780, 374 N.E.2d 1081, on which respondent relies. Mickow lived out of the State and was not personally served. Moreover, the attorney who appeared at the hearing informed the court that he was not the attorney of record and did not represent Mickow.

■■ In the hearing on the section 72 petition, respondent raised an issue of fact. The trial court did not believe that Caloger's appearance was unauthorized. Where there was no evidence to support a contrary conclusion, we should not substitute our judgment for that of the trial judge who heard and viewed the witnesses. *Wood v. Wanecke* (1980), 89 Ill. App. 3d 445, 449, 411 N.E.2d 1063, 1066.

■■ Further, where the respondent has been given the opportunity to present evidence through his attorney, the minimum due process requirements have been technically met. (See *Milenkovic v. Milenkovic* (1981), 93 Ill. App. 3d 204, 416 N.E.2d 1140.) The trial court concluded that respondent was represented by an attorney at the hearing. The attorney participated in the proceedings, cross-examined the petitioner, and acquiesced in the amendment of the pleadings to change the grounds for dissolution. Generally, notice to an attorney is notice to the client and knowledge of an attorney is knowledge of, or imputed to, the client notwithstanding whether the attorney has actually communicated such knowledge to the client. *People ex rel. Rogers v. Elrod* (1975), 35 Ill. App. 3d 26, 28, 340 N.E.2d 598, 600.

These facts distinguish our case from *Klaisner v. Klaisner* (1975), 28 Ill. App. 3d 110, 328 N.E.2d 341, on which respondent relies. Klaisner was not represented at the hearing. And, the relief granted was greater than that stated in the prayer of the petition.

■■ We conclude that by his presence and participation, respondent's attorney had notice that the marital home was awarded the petitioner. Thus, we find no error in the trial court's denial of respondent's section 72 petition.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

ROMITI, P. J., and JIGANTI, J., concur.