Johnson-Olson Floor Coverings, Inc., Plaintiff-Appellee, v. James Branthaver, Defendant-Appellant.

Gen. No. 67–118.

Second District.

May 9, 1968.

Kroeger and Burt, of Freeport, for appellant.

Nordquist and Anderson, of Rockford, for appellee.

MR. JUSTICE SEIDENFELD delivered the opinion of the court.

Plaintiff sued defendant to recover the balance due for merchandise sold. Thirty days after a default judgment was entered, defendant was served with a citation and six days later filed a motion to open up the judgment and for leave to plead. Defendant appeals from the order denying his motion.

Consideration of the following facts and circumstances in the record impels this court to affirm.

On August 30, 1966, the plaintiff filed his unverified complaint, alleging an open account and praying for judgment against the defendant in the amount of $432.33. On the next day, and apparently without knowledge of this suit, the defendant filed a voluntary petition in bankruptcy in the United States District Court for the Northern District of Illinois. The bankruptcy petition named the plaintiff as a creditor, but there is nothing in the record to indicate that plaintiff received a restraining order from the federal court forbidding him from pursuing his claim against the defendant. The defendant was served with summons herein on September 8, 1966, but failed to file an appearance, answer or any other pleading within the time permitted by law. On January 5, 1967, defendant's debts were discharged in bankruptcy. On the following April 19, however, on plaintiff's motion and without proofs, the trial court entered judgment in favor of the plaintiff and against the defendant in the amount prayed.

On May 19, the thirtieth day after entry of the default judgment, plaintiff filed a citation to discover assets. When the citation was served upon defendant on May 25, it was the first notice he received that the judgment had been entered. On June 5, defendant filed his mo-

396

tion and supporting affidavit under section 72 of the Civil Practice Act (Ill Rev Stats, c 110, § 72), asking that the judgment be vacated and that he be given leave to file his answer.

Essentially, defendant's affidavit set forth the foregoing facts, and averred further that defendant "was under a misapprehension that his pending bankruptcy relieved him of the responsibility of responding to a suit in state court and, therefore, he did not consult an attorney, file an answer or otherwise enter his appearance in the matter." The plaintiff did not file a response to defendant's motion and affidavit, leaving the allegations therein unchallenged. The trial court denied defendant's section 72 motion to vacate the judgment order, whereupon defendant filed this appeal.

It is defendant's contention that he was free from negligence and that the bankruptcy proceedings furnished him with a meritorious defense. He further contends that principles of "substantial justice" dictate that the judgment order be set aside.

■ ■ It is well settled that a determination under section 72 invokes the equitable powers of the court, as justice and fairness require. See, e. g., Elfman v. Evanston Bus Co., 27 Ill2d 609, 613, 615, 190 NE2d 348 (1963). Although this section is not intended to relieve a party "from the consequences of his own mistake or negligence" Ulrich v. Glyptis, 79 Ill App2d 447, 454, 224 NE 2d 581 (1967), relief thereunder will be granted where the defendant shows a reasonable excuse for failure to act within the appropriate time, together with a statement of ultimate facts showing a meritorious defense. See, e. g., Stoller v. Holdren, 47 Ill App2d 81, 82, 83, 197 NE2d 492 (1964).

It is this court's opinion that the defendant has not met the burden of section 72, and that the trial court properly refused to set aside its judgment order. Several factors lead to this conclusion.

Passing momentarily the question as to whether the defendant had a meritorious defense at the appropriate time, we shall first consider whether the defendant acted diligently as contemplated by section 72.

There is, to be sure, some confusion as to the standard of conduct required of a defendant under section 72. It is quite clear, however, that the defendant must show that his failure to defend was a result of *excusable* mistake, and that under the circumstances he acted reasonably, and therefore not negligently, when he failed to initially resist the judgment. Boyle v. Veterans Hauling Line, 29 Ill App2d 235, 172 NE2d 512 (1961).

While the question of the defendant's negligence must be determined on the facts of each particular case, the decisions dealing with the question imply that the defendant's neglect is not excusable where he ignores the summons, or otherwise treats the proceedings with indifference. Thus, in Busser v. Noble, 8 Ill App2d 268, 283, 131 NE2d 637 (1956), the court made the following observation:

> *"In the instant case defendant paid attention to this summons. He did not treat it with indifference.* He did just what the ordinary individual would do. He delivered it to the agent of his insurance carrier. He thereafter made repeated inquiries concerning it and was assured his interests would be taken care of. His conduct was not inexcusable." (Emphasis added.)

In Dalton v. Alexander, 10 Ill App2d 273, 288, 135 NE 2d 101 (1956), it was likewise noted that the defendant "did not ignore the summons." See also Widicus v. Southwestern Elec. Cooperative, Inc., 26 Ill App2d 102, 110, 167 NE2d 799 (1960), where the court observed that "the defendant did not treat the court's command nor plaintiff's claim with indifference." While these cases involved the question of setting aside default judgments

398

within a thirty-day period and not under section 72 as here, the allusions to the issue of excusable neglect in the defense of a case are addressed to the same equitable powers of the court.

Defendant has cited no case, and we know of none, where a defendant was granted relief under section 72 after ignoring the proceedings on his own initiative. In each case where the judgment had been set aside, the defendant had taken *some* action, albeit insufficient, in response to the summons. In the leading case of Ellman v. De Ruiter, 412 Ill 285, 106 NE2d 350 (1952), the defendant immediately forwarded the summons to the law firm that was to represent him, and the firm's docket clerk inadvertently showed a wrong return day, thereby allowing a default judgment to be entered. Later decisions have held that defendants may be guilty of only excusable neglect where they refer the summons to their attorneys or insurance carriers who in turn fail to defend. Boyle v. Veterans Hauling Line, (supra); Busser v. Noble, (supra).

True, some of the decisions tend to suggest that the defendant must show diligence in pursuing his rights *after* entry of the judgment in question, but a closer reading of these opinions reveals that in such cases the defendants were found not to have been inexcusably negligent in permitting the judgment in the first place, and in none of these cases had the defendant ignored the summons without consulting with either his attorney or insurer. In Skivington v. Lehman, 36 Ill App2d 479, 484, 184 NE2d 785 (1962), for example, the defendant had been represented in the proceedings by an attorney who withdrew and was replaced by another attorney who was seriously ill. When no one appeared on behalf of the defendant at the trial, plaintiff withdrew his jury demand without notice and received an ex parte judgment. It was only after the court held that the defendant should have been given notice of the waived jury demand that

the defendant's post-judgment conduct was examined. Likewise, in Currie v. Sollinger, 89 Ill App2d 408, 231 NE2d 683 (Abst. 1967), the defendant had filed an appearance and was represented by counsel. The judgment was entered on a date when defendant's counsel had reason to believe that only a preliminary motion was before the court. This court found that defendant "had no duty to anticipate" that the judgment would be entered on that date, and then examined defendant's diligence in pursuing relief under section 72.

A plaintiff who does not notify a defendant of a default judgment stands more vulnerable to a section 72 motion. Decisions have characterized the plaintiff's failure to notify the defendant of the judgment as "casting a cloud" on the proceedings. See, e. g., Gary Acceptance Corp. v. Napilillo, 86 Ill App2d 257, 230 NE2d 73 (1967); Jansma Transport, Inc. v. Torino Baking Co., 27 Ill App2d 347, 354–355, 169 NE2d 829 (1960).

However, in each of the cases where the judgment was set aside, the defendant had done *something* when he learned of the suit against him, and his conduct, while ineffective, was excusable and, under the circumstances, reasonable. In the Napilillo case the defendants contacted their attorney soon after receipt of the summons, and they followed his advice to ignore the proceedings inasmuch as plaintiff's claim had already been discharged in bankruptcy. In Jansma it was held that the service of process on the defendant was improper, and his failure to defend was reasonable inasmuch as he did not even know of the suit until after the default was entered.

Defendant here asks this court to excuse his conduct prior to the judgment, and hold that he acted reasonably under the circumstances. This we cannot do. The defendant is untrained in the law, and had no right to conclude, as a matter of law, that he was immune from plaintiff's claim by virtue of the pending bankruptcy proceeding. To hold otherwise would be to give license to all future

defendants to make a preliminary self-determination as to their legal rights, and then ignore the proceedings if they believe the complaint is without merit. Obviously the proper administration of justice could not condone such a practice.

What we have said here should not be construed as precedent for automatically excusing the defendant who merely notifies his attorney or insurer, and then does nothing further. While the circumstances of the case may in fact justify such action, there have been prior decisions where relief was not granted in such cases. In Chmielewski v. Marich, 2 Ill2d 568, 576–577, 119 NE2d 247 (1954), it was held that the defendant's reliance on the insurance brokers is not a ground for relieving him of the consequence of the brokers' apparent failure to fulfill their undertaking. See also Till v. Kara, 22 Ill App2d 502, 510, 161 NE2d 363 (1959).

■■ We are not here called upon to delineate hypothetically the circumstances under which a defendant's neglect will be excused where he relies on the advice or representation of his attorney or insurer. As noted above, such cases must depend on their particular facts, and to try to establish a general rule would create dangerous precedent. What we are deciding, however, is that the defendant who ignores the summons and takes no action whatsoever, in reliance on nothing more than his own evaluation of his legal rights, is guilty of inexcusable negligence as contemplated by section 72 and the cases decided thereunder.

■ In view of the conclusion we have reached regarding the defendant's negligence, a consideration of whether defendant had a meritorious defense is unnecessary. We note in passing, however, and the defendant concedes, that discharge in bankruptcy is an affirmative defense which must be pleaded, and therefore plaintiff's complaint was not defective or untenable on its face. Furthermore, at the time the defendant received the

summons he had not yet been adjudged a bankrupt nor had his debts been discharged. Accordingly, the defendant's determination as to his legal rights was, at the time made and acted upon, erroneous.

■■ Although the point is not raised in defendant's appeal, we find no defect in the judgment by reason of its having been entered on an unverified complaint without proofs. Section 50(4) of the Civil Practice Act (Ill Rev Stats, c 110, § 50(4)) provides:

> "Judgment by default or a decree pro confesso may be entered for want of an appearance, or for failure to plead, but the court *may* in either case, require proof of the allegations of the pleadings upon which relief is sought." (Emphasis added.)

The use of the word "may" instead of "shall," in our opinion, makes the requirement of proof in such a case discretionary with the trial court. The record gives no indication that this discretion was abused in these proceedings.

For the reasons stated, it is the decision of this court to affirm the trial court's denial of defendant's motion to vacate the default judgment.

Affirmed.

DAVIS and MORAN, JJ., concur.