LOWELL A. KLAISNER, Plaintiff-Appellee, v. MARILYN R. KLAISNER, Defendant-Appellant.

(No. 73-160;

Second District (2nd Division)—May 7, 1975.

Allen S. Greene, of Wheaton, for appellant.

Herbert J. Bell, of Downers Grove, for appellee.

Mr. JUSTICE THOMAS J. MORAN delivered the opinion of the court:

Eight months after the entry of a decree of divorce, defendant filed a petition to set aside and modify certain portions of the decree. Upon denial of relief, defendant appeals contending that the trial court erred by (1) not awarding her custody of the minor children and, (2) not setting aside her conveyance ordered by the court.

Plaintiff and defendant were married in 1959; two children were born of the marriage. Early in 1971, defendant left the marital home, held by the parties in joint tenancy, to take up residence with a man whom she later married. Plaintiff filed a complaint for divorce on April 1, 1971, charging defendant with extreme and repeated mental cruelty. The complaint made no allegations with reference to alimony or property of the parties. The prayer of the complaint sought a divorce, custody of the children with the right of visitation by defendant, and "other and further

relief as this Court may deem just and equitable in the premises." Defendant failed to appear and a default hearing was held. Prior to the hearing, the court inquired if there was a property settlement agreement and plaintiff's counsel stated, "No, we can't communicate." At the hearing, plaintiff, after stating he desired a divorce and custody of the children, was asked, "and you are also asking for sole and permanent ownership of the marital residence?" to which he responded, "Yes." A like question regarding the household furnishings and furniture received the same response. This was the only evidence introduced with respect to the properties owned by the parties. Neither alimony nor defendant's financial status was ever mentioned.

Upon the above stated pleadings and proof, the decree of divorce found that plaintiff had special equities in the marital home and that defendant was sufficiently able to support herself. Based upon those findings, the court ordered defendant to execute a deed conveying her interest in the marital home to plaintiff and barred defendant from any alimony. Shortly thereafter, defendant received a copy of the divorce decree and a deed which she executed.

Defendant's post-decree petition states that the parties, prior to entry of the divorce decree, had an oral understanding. Defendant asserts that plaintiff represented that if she would not contest the divorce, he in turn would keep the status quo as to the property and ultimately surrender custody of the children to her; that she relied upon these representations; that a fraud was perpetrated on her and the court; that the court awarded plaintiff her interest in their property even though he had neither pled nor proved that he was entitled to it; that at the prove-up for divorce, plaintiff's counsel misinformed the court when asked if a property settlement was made; and that the children were being improperly cared for.

■■ Defendant contends (1) that she was entitled to a hearing de novo on the question of custody since the original award was based upon fraud, and (2) that the children were being improperly cared for. Both contentions are without foundation. The misrepresentation relied upon by defendant was plaintiff's statement that circumstances would dictate the custody of the children. This was a correct statement, not a misrepresentation. As to the change in circumstances, the evidence reveals that both parties have remarried and are fit persons, each able to properly provide for the children. The distillate of defendant's evidence—that the children at times were unkempt in appearance and had developed poor table manners—is an insufficient basis to warrant a change in custody. The trial court correctly refused to modify the decree in this regard.

A more substantial issue is raised by the court's refusal to set aside defendant's conveyance of her property right in the marital home. The trial court's memorandum of decision stated that it had read section 18 of the Divorce Act (Ill. Rev. Stat. 1971, ch. 40, § 19,) concluded that the decree of divorce was correct, and therefore found no need to determine whether defendant's petition was timely presented or appropriate under section 72 of the Civil Practice Act. (Ill. Rev. Stat. 1971, ch. 110, § 72.) Defendant's position is that, in the absence of appropriate pleadings and proofs, and because of plaintiff's failure to give notice of his request for additional relief, the divorce court was without authority to direct the conveyance of her interest in the property and that, therefore, her petition was properly before the court.

■■■ The authority of courts to compel conveyance of realty in divorce actions is governed by statutory rather than general equity powers. (*Debrey v. Debrey*, 132 Ill.App.2d 1072, 1074 (1971).) Sections 17 and 18 of the Divorce Act grant such authority. (Ill. Rev. Stat. 1971, ch. 40, §§ 18, 19.) Under section 17, special circumstances and existing equities sufficient to justify the conveyance must be alleged and proved. (*Persico v. Persico*, 409 Ill. 608, 610—12 (1951).) Without such allegations, a conveyance under the decree cannot be rendered. (*Skoronski v. Skoronski*, 395 Ill. 301, 302 (1946).) Even though not specifically prayed for in the complaint, a court may order a conveyance of realty in lieu of alimony under section 18 *provided* the evidence reveals that the recipient spouse is entitled to alimony, the conveyance is equitable, and periodic payments of alimony would not be feasible. *Persico v. Persico*; *Smothers v. Smothers*, 25 Ill.2d 86, 87—88 (1962).

Plaintiff relies on *Smothers v. Smothers* to sustain the conveyance. A reading of the case does not reveal if it was heard as a default matter or if the plaintiff's pleadings in any manner sought alimony. What the case does disclose is that the plaintiff introduced evidence entitling her to alimony under section 18. Here, aside from not mentioning alimony in the pleadings, the record is devoid of any evidence on the subject from which the "court could reasonably deem the conveyance an equitable one, as a settlement in lieu of alimony" under section 18. (*Smothers v. Smothers*, 25 Ill.2d 86, 87.) This lack rendered the court's order of conveyance erroneous, not void. It was therefore necessary that defendant directly, rather than collaterally, attack the order. See *Ward v. Sampson*, 395 Ill. 353, 361—366 (1946).

■■ In cases of default, however, the prayer of plaintiff's complaint limits the relief that may be granted unless defendant is given proper notice, prior to default, of any change. (See Ill. Rev. Stat. 1971, ch. 110, § 34, and ch. 110A, § 105.) As earlier stated, neither the body nor the

prayer in plaintiff's complaint for divorce mentioned the property of the parties so as to place defendant on notice that her property interests were involved. Plaintiff failed to comply with either the statute or the rule. It was therefore proper for the defendant, under a section 72 petition, to challenge the additional relief afforded the plaintiff. *Park Avenue Lumber & Supply Co. v. Nils A. Hofverberg, Inc.,* 76 Ill.App.2d 334, 344—45 (1966). Davis, *The Scope of Section 72 of the Civil Practice Act,* 55 I.B.J. 820, 822 (1967).

■■ We are constrained to hold that the divorce court exceeded its authority by ordering the conveyance of defendant's interest in the marital home, which was first requested at the default hearing, without prior notice to the defendant. In doing so, the court rendered that portion of the divorce decree void (*Park Avenue Lumber & Supply Co. v. Nils A. Hofverberg, Inc.; Sweglo v. Mikolon,* 310 Ill.App. 541 (1941); *Western Smelting & Refining Co. v. Benj. Harris & Co.,* 302 Ill.App. 535, 541 (1939)), and subject to collateral attack under a section 72 petition. *Collins v. Collins,* 14 Ill.2d 178, 182 (1958); *Lake Shore Savings & Loan Association v. American National Bank,* 91 Ill.App.2d 143, 148—49 (1968).

It is our opinion, under the circumstances presented, that the court erred by denying defendant a hearing to determine the equities of the parties in and to their marital properties. Its decision on this issue must be reversed and remanded with directions to vacate that portion of the divorce decree ordering the conveyance and to conduct a hearing upon proper pleadings to determine a division of the marital properties. In all other respects, the appealed order is affirmed.

Affirmed in part; reversed in part and remanded with directions.

RECHENMACHER, P. J., and DIXON, J., concur.