FALCON MFG. COMPANY, a/k/a Aetos, Inc., Plaintiff-Appellant, *v.* NA-TIONWIDE BROKERS, INC., *et al.*, Defendants-Appellees.

First District (5th Division)   No. 83—327

Opinion filed March 2, 1984.—Rehearing denied April 13, 1984.

David D. Albee, of Tews, Theisen & Theisen, of Chicago, for appellant.

George C. Nesmith, of Uptown & Nesmith, of Chicago, for appellees.

JUSTICE LORENZ delivered the opinion of the court:

Plaintiff filed an eight-count verified complaint seeking to recover the value of its goods allegedly damaged while being transported from Sheboygan, Wisconsin, to plaintiff's plant in Dallas, Texas, through the negligent acts of the defendants, Nationwide Brokers, Inc., Na-

tionwide Driver Service, Inc. (Drivers), Southwest Petroleum Corporation (Swepco) and defendant Motor Transportation Company.

Although Motor Transportation was served on January 12, 1982, it failed to appear, plead or otherwise respond within 30 days.

In an April 16, 1982, hearing on plaintiff's motion for a default judgment, the trial court found that more than 30 days had elapsed since service of summons was had, and that defendant's failure to appear was a default. It then awarded plaintiff judgment for $21,971.87 and costs.

Following registration of the judgment with the circuit clerk of St. Louis County, Missouri, on November 5, 1982, defendant, on December 23, 1982, filed its petition and affidavits to vacate the default judgment pursuant to section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—1401), formerly section 72 of the Civil Practice Act (Ill. Rev. Stat. 1981, ch. 110, par. 72), asserting that it had a good defense to plaintiff's claim in that it did not operate or supervise the operation of the semi-tractor at the time of the complained of occurrence. The petition further asserted that control and supervision was either in Swepco or Drivers and that the occurrence was the result of the negligent operation of the vehicle by its driver, who was driving at an excessive speed, and improper loading by others, which caused the load to shift.

Defendant further alleged that the person who swore to the plaintiff's complaint had no personal knowledge of the acts complained of and could not testify in court to those acts. Further, defendant denied that it operated as a common carrier or that it undertook the transportation of goods, and finally, the petition to vacate asserted that defendant's failure to appear and answer resulted from confusion with multiple litigation involving the same occurrence and that upon learning that this was a separate and distinct lawsuit, defendant acted with diligence.

The affidavit of Glenn Hendry, defendant's vice-president, attached to the petition to vacate, asserted that the instant case became confused with another case involving the same occurrence complained of here, and through inadvertence and without negligence on the part of defendant, no appearance of answer was filed.

Plaintiff's motion to strike defendant's petition urging grounds that defendant (1) failed to state facts upon which the court may reasonably infer that petitioner exercised due diligence in presenting a defense to plaintiff's complaint and in presenting said petition, (2) failed to appropriately show matters not of record, and (3) failed to establish a meritorious defense, was denied. The court vacated its

judgment, and granted defendant time to answer or plead. Plaintiff appeals.

OPINION

The sole issue in this case is whether the trial court abused its discretion in granting defendant's petition to vacate the default judgment of April 16, 1982, as the petition was insufficient and inadequate as a matter of law, to support relief sought pursuant to section 2—1401 (formerly section 72) of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—1401).

Section 2—1401 provides a procedure for obtaining relief from final orders, judgments and decrees after the passing of 30 days from the date of entry thereof. A motion to vacate a default judgment pursuant to section 2—1401 invokes the equitable powers of the court, as justice and fairness require, so that one may not enforce a default judgment obtained by unfair, unjust or unconscionable circumstances. (*Elfman v. Evanston Bus Co.* (1963), 27 Ill. 2d 609, 190 N.E.2d 348.) A court of review may disturb a trial court's decision regarding a section 2—1401 only if it finds that the court abused its discretion. *Stallworth v. Thomas* (1980), 83 Ill. App. 3d 747, 404 N.E.2d 554.

To warrant relief pursuant to section 2—1401, the petitioner must demonstrate (1) a meritorious defense or claim; (2) due diligence in presenting this defense or claim to the trial court in the original action; (3) that through no fault or negligence of his own an error of fact or a valid defense/claim was not raised to the trial court at the time the judgment was entered; and (4) due diligence in filing the petition for relief. *Mitchell v. Seidler* (1979), 68 Ill. App. 3d 478, 482, 386 N.E.2d 284.

For the purposes of this appeal, we need not consider whether defendant Motor Transportation had a meritorious defense. Plaintiff appeals only defendant's lack of due diligence in presenting a defense and in presenting its petition, contending that both defendant's petition and its supporting affidavit contain conclusions and not facts sufficient to warrant relief under section 2—1401.

It is essential that both elements, meritorious defense and due diligence, be shown since the purpose of a section 2—1401 proceeding is to bring facts not appearing of record to the attention of the trial court, which, if known to the court at time judgment was entered, would have prevented its rendition. (*Lammert v. Lammert Industries, Inc.* (1977), 46 Ill. App. 3d 667, 674, 360 N.E.2d 1355.) The section 2—1401 petition has the burden of showing, by adequate allegations, that petitioner is entitled to the relief sought. (*Lamere v. Vaughn*

(1976), 34 Ill. App. 3d 261, 339 N.E.2d 474.) Ultimate facts showing due diligence in a meritorious defense must be shown. (*Mutual National Bank v. Kedzierski* (1968), 92 Ill. App. 2d 456, 236 N.E.2d 336.) If the petition fails to allege facts which demonstrate diligence, relief will not be granted. See *Bartolini v. Popovitz* (1969), 108 Ill. App. 2d 89, 246 N.E.2d 834.

Defendant's allegations of due diligence are contained both in its petition and the supporting affidavit. The petition alleges due diligence by defendant in that the supporting affidavit of Glenn Hendry, vice-president-finance for Motor Transportation, would show that the failure of defendant to appear and answer in this matter was "as a result of confusion with multiple litigation, and that upon learning that this was a separate and distinct lawsuit the defendant has acted with diligence."

In his supporting affidavit, Glenn Hendry, states that "at the time this suit was filed there was pending in the U.S. District Court for the Western District of Wisconsin, a cause of action entitled *Motor Transportation v. Nationwide Driving, Inc.* *** involving the same occurrence complained of by Falcon Mfg. Company." The affidavit further stated, "that through inadvertence and without negligence on the part of Motor Transportation Company," this lawsuit by plaintiff became confused with the Wisconsin case and no answer or appearance was filed.

■ To effectively state a cause of action warranting relief pursuant to section 2—1401, a petitioner must show that his failure to defend against the lawsuit was the result of an excusable mistake. (*Johnson-Olson Floor Coverings, Inc. v. Branthaver* (1968), 94 Ill. App. 2d 394, 236 N.E.2d 903.) Section 2—1401 does not afford a litigant a remedy whereby he may be relieved of the consequences of his own mistakes or negligence. (*Brockmeyer v. Duncan* (1960), 18 Ill. 2d 502, 165 N.E.2d 294.) It is the duty of every litigant to follow the progress of his case, rather than to merely assume that counsel is doing all that is necessary and proper in the conduct thereof. *Stewart v. Beegun* (1970), 126 Ill. App. 2d 129, 261 N.E.2d 495.

■ When the circumstances of this case are viewed in their entirety, we conclude that defendants have failed to sustain their burden of alleging facts which, if true, would entitle them to the relief requested.

The defendant's supporting affidavit alleged that its failure to appear was "through inadvertence and without negligence" due to confusion with another lawsuit. Significantly, neither the defendant's petition nor its supporting affidavit to vacate state any facts upon which

the court below could have found excusable the failure of the defendant to appear in court after summons was duly served on its agent. This court will not hold defendant's failure to read a summons or his assumption that it refers to another lawsuit as excusable neglect, mistake or absence of fault. See *Postal Film Inc. v. McMurtry* (1974), 22 Ill. App. 3d 293, 317 N.E.2d 375.

Defendant relies on *Ellman v. De Ruiter* (1952), 412 Ill. 285, 106 N.E.2d 350, where the supreme court held that one may not enforce a default judgment attended by unfair, unjust or unconscionable circumstances, because a petition filed under section 2—1401 invokes the "equitable powers of the court, when the exercise of such power is necessary to prevent injustice." (412 Ill. 285, 292.) Although defendant does not allege fraud on plaintiff's part, it urges that this principle be applied here because the plaintiff failed to inform the defendant Motor Transportation Company of their intent to move for the default or its existence once it had been granted.

■ The failure to notify defendant of the entry of a default judgment does not make the judgment void. (See *Watts v. Medusa Portland Cement Co.* (1971), 132 Ill. App. 2d 227, 268 N.E.2d 721.) It is a factor which may in particular circumstances make a default judgment more vulnerable to a section 2—1401 petition (*Elfman v. Evanston Bus Co.* (1963), 27 Ill. 2d 609, 614, 190 N.E.2d 348); but it does not excuse a defendant from the burden of showing the exercise of due diligence. See *Johnson-Olson Floor Coverings, Inc. v. Branthaver* (1968), 94 Ill. App. 2d 394, 236 N.E.2d 903.

Defendant here asks this court to excuse his conduct prior to the judgment in the interest of fairness and justice, and this we cannot do. We consider *Ellman* inapplicable because it alleged that plaintiff took unfair advantage of both defendant and the court. Here there is no suggestion of fraud or unconscionable behavior on the part of the litigants or the court, but rather it is apparent that the position defendant finds itself in was the result of its own inexcusable mistake. The ambit of section 2—1401 relief must not be overbroadened to such an extent that the principles of equity and an ordered concept of justice are diluted. *Escuzuk v. Chicago Transit Authority* (1968), 39 Ill. 2d 464, 236 N.E.2d 719.

For the foregoing reasons, we conclude that defendant Motor Transportation's section 2—1401 petition and its supporting affidavit was insufficient as a matter of law because it lacked a showing of due diligence in proceeding to defend on the merits of this case. We find the trial court in the instant case abused its discretion by granting defendant's request for relief when there was no basis for it as a mat-

ter of law.

Accordingly, the order vacating the judgment against defendant is reversed, and the cause remanded to the circuit court with directions to reinstate judgment.

Order reversed and cause remanded with directions.

MEJDA, P.J., and O'CONNOR, J., concur.