JOHN KAPUT, Plaintiff-Appellee, v. WILLIAM L. HOEY, Defendant-Appellant.

First District (1st Division)   No. 86—1070

Opinion filed July 13, 1987.—Rehearing denied September 24, 1987.

CAMPBELL, J., dissenting.

Law Offices of Gerard A. Facchini and William J. Harte, Ltd., both of Chicago (Gerard A. Facchini, James E. Haley, William J. Harte, and Pamela S. Menaker, of counsel), for appellant.

Russo, Doty & Associates and Abt, Meyer & Kages, both of Chicago (William M. Doty, of counsel), for appellees.

JUSTICE BUCKLEY delivered the opinion of the court:

This is an appeal from an order entered by the circuit court of Cook County denying defendant's petition to vacate a default judgment entered on January 23, 1983. An appeal is also taken from the amount of damages awarded plaintiff. For the following reasons, we affirm.

On August 12, 1980, plaintiff John Kaput filed a complaint against defendant William Hoey seeking damages "in excess of $15,000" for injuries sustained when he allegedly fell on ice near defendant's apartment building at 1308 North Greenview in Chicago. After defendant was served a copy of the complaint, he appeared *pro se* on September 8, 1980, but did not file an answer or otherwise plead to the complaint.

On December 6, 1982, plaintiff moved for a default judgment and

to assign the cause for prove-up of damages. The motion was granted by Judge Thomas O'Brien on January 28, 1983, and the cause transferred to Judge P. A. Sorrentino. On May 14, 1984, Judge Philip Fleischman both set the cause for prove-up and, in a separate order, dismissed it for want of prosecution. On June 1, 1984, upon motion, the order of dismissal was vacated and costs for same were waived; the cause was reinstated and set for trial on June 12, 1984. On June 12, 1984, the cause was assigned to Judge Giliberto for prove-up, and plaintiff was subsequently awarded a judgment in the amount of $29,500 plus costs.

On June 11, 1986, Judge Giliberto signed a memorandum of judgment after which an original and two subsequent alias citations to discover assets were issued. Upon service of an alias, defendant appeared by counsel on October 7, 1985. On November 6, 1985, he filed a petition under section 2—1401 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—1401), to vacate the default judgment entered against him. The petition alleged that defendant was not informed of any of the proceedings mentioned above until after August 19, 1985, when he received an alias citation to discover assets. The petition further alleged that defendant had a meritorious defense to plaintiff's claim in that he "ha[d] information that plaintiff fell on a public walkway and not on a walkway under the control of the defendant, that plaintiff was contributorily negligent in causing his injuries and that defendant [sic] was not injured to the extent claimed." In support of the petition, defendant provided an affidavit in which defendant attested to the truth of the matters set forth in his petition.

At the hearing on his petition, defendant testified that between 1980, after plaintiff filed his complaint, and 1985, he "didn't hear a word" regarding the proceedings in question. He also stated that during that period, he was away from his residence at 3035 Knollwood in Glenview on three occasions due to marital difficulties, but he was uncertain as to the specific dates. With respect to his meritorious defense, defendant's testimony regarding his conversation with an unidentified woman who allegedly witnessed plaintiff's fall was prohibited on the ground it was hearsay.

After considering the above testimony, the trial court denied defendant's section 2—1401 petition, reasoning that the petition lacked specificity and well-pleaded facts, and that defendant failed to produce evidence of a meritorious defense. After expressing doubts concerning defendant's credibility, the court also noted that defendant frustrated notice by refusing to claim certified mail from plaintiff's

counsel on at least two occasions in 1981. It is from these rulings as well as the damages awarded plaintiff that defendant appeals.

■■ Section 2—1401 of the Illinois Code of Civil Procedure provides the method for obtaining relief from final orders, judgments, and decrees after the expiration of 30 days from the date of entry. (*Falcon Manufacturing Co. v. Nationwide Brokers, Inc.* (1984), 123 Ill. App. 3d 496, 462 N.E.2d 562; Ill. Rev. Stat. 1983, ch. 110, par. 2—1401.) To warrant relief under section 2—1401, the petitioner must demonstrate the existence of a meritorious defense and the exercise of due diligence in presenting that defense and in filing the section 2—1401 petition. (*Smith v. Airoom, Inc.* (1986), 114 Ill. 2d 209, 499 N.E.2d 1381; *Sterne v. Forrest* (1986), 145 Ill. App. 3d 268, 495 N.E.2d 1304; *Carroll Service Co. v. Schneider* (1986), 144 Ill. App. 3d 38, 494 N.E.2d 253.) In considering such petition, the court should determine whether a party has wilfully disregarded the process of the court or is so indifferent to it that the party is chargeable with culpable negligence. (*Verson Allsteel Press Co. v. Mackworth Rees, Division of Avis Industrial, Inc.* (1981), 99 Ill. App. 3d 789, 426 N.E.2d 241.) Whether section 2—1401 relief should be granted lies within the discretion of the trial court, and upon appeal, the court of review may only determine whether the trial court abused that discretion. *Bonanza International, Inc. v. Mar-Fil, Inc.* (1984), 128 Ill. App. 3d 714, 471 N.E.2d 221.

Defendant initially contends that the trial court abused its discretion in not vacating the default judgment because plaintiff failed to notify defendant of the proceedings following his *pro se* appearance, defendant relied on misinformation from a circuit court clerk, plaintiff delayed the institution of proceedings, and defendant is entitled to his day in court. Under the circumstances of this case, each of these contentions is without merit.

With respect to the issue of notice of plaintiff's motion for default, when defendant filed his *pro se* appearance on September 8, 1980, he submitted a Knollwood address in Glenview, Illinois. Defense counsel conceded at the section 2—1401 petition hearing that "we don't dispute the fact that the notice was sent to the address that they had currently for the defendant, we don't dispute the fact that they returned the service showing that they mailed it to that address." Moreover, the court's computerized printout of the case reveals that a notice of motion, the motion itself, and proof of service were filed on January 23, 1983, the date the motion for default was presented to the court.

■ Defendant nevertheless argues that such notice was inade-

quate in that he was estranged from his wife and did not reside at the Knollwood address on three occasions during the pendency of these proceedings. The record of the hearing on defendant's section 2—1401 petition reveals, however, with the exception of Christmas 1980 to February 1981, July or August 1982, and late summer 1984, defendant resided primarily at his Knollwood address between 1980 and 1985. In fact, during the periods he was away from home, he still kept in contact with his wife and children, and paid the household bills. Thus, service was properly made at defendant's "usual place of abode" as required by the Illinois Code of Civil Procedure. See Ill. Rev. Stat. 1983, ch. 110, par. 2—203.

Defendant additionally maintains that his failure to receive notice of the hearing on damages and the default order merits the vacation of the default judgment. Regarding notice of the damages hearing, defendant erroneously cites *Hall v. McMillian* (1972), 8 Ill. App. 3d 448, 289 N.E.2d 669. In *Hall*, the plaintiff sought reversal of an order vacating a prior default judgment as to the issue of damages for lack of notice, whereas in the present case, for purposes of this argument, defendant seeks vacature of the judgment on the issue of liability. Moreover, defendant was made aware of a potential damages hearing, as the face of plaintiff's default motion, which was properly served, sought not only defendant's default, but also the setting of the cause for assessment of damages.

■■ With respect to the default order, an alleged failure to notify a defendant of the entry of a default judgment will not render such judgment void. (*Cooper v. United Development Co.* (1984), 122 Ill. App. 3d 850, 462 N.E.2d 629.) While it is a factor which may in particular circumstances make a default judgment more vulnerable to a section 2—1401 petition, it does not relieve a defendant from showing the exercise of due diligence. (*Falcon Manufacturing Co. v. Nationwide Brokers, Inc.* (1984), 123 Ill. App. 3d 496, 462 N.E.2d 562.) Given that defendant was properly served with plaintiff's motion for default and repeatedly refused to accept correspondence from plaintiff's counsel, there is no doubt that defendant's dilemma is the result of his own inexcusable mistake.

■ Equally unavailing is defendant's position that failure to provide notice of the proceeding to vacate the order of dismissal renders the vacation void. Rule 2.1(a) of the Circuit Court of Cook County provides:

> "Except in actions appearing on the daily trial call or during the course of trial, written notice of the hearing of all motions shall be given to all parties who have appeared and have not

theretofore been found by the court to be in default for failure to plead, \*\*\*." (Circuit Court of Cook County Rules 2.1(a) (1987).)

Defendant, having been adjudged in default prior to the dismissal of the cause, was therefore not entitled to notice of the hearing on plaintiff's motion to vacate the dismissal order within the contemplation of Rule 2.1.

Moreover, case law cited by defendant himself further refutes the argument that notice of the reinstatement proceedings was required. In *Trojan v. Marquette National Bank* (1967), 88 Ill. App. 2d 428, 232 N.E.2d 160, upon oral motion of the plaintiffs' counsel, the trial judge reinstated the plaintiffs' action after having "inadvertent[ly]" dismissed it for want of prosecution, a situation similar to what occurred in the instant case. As of the date of reinstatement, one of the defendant's had not been " 'found by the court to be in default for failure to plead.' " (*Trojan v. Marquette National Bank* (1967), 88 Ill. App. 2d 428, 435, 232 N.E.2d 160, 164, quoting *Stidham v. Pappas* (1966), 78 Ill. App. 2d 402, 406, 223 N.E.2d 318, 320.) Nevertheless, no notice of either the order of "d.w.p." or subsequent order setting it aside and reinstating the cause was ever served upon him. The court held that even assuming the defendant was entitled to notice of the plaintiffs' motion, the failure of such in no way impaired the efficacy of the order of vacation and reinstatement or rendered the subsequent proceedings a nullity.

■■ Aside from lack of notice, defendant blames his failure to appear on "misinformation" given by a circuit court clerk after defendant filed his *pro se* appearance in 1980. When defendant asked the clerk "what to do," he allegedly responded that "they would probably follow up on it and \*\*\* [defendant] would hear from them." In those cases cited by defendant where a court clerk's oral misrepresentation warranted the vacation of a default judgment, a specific and definite misstatement of fact had been made, such as an erroneous trial date (see *Resto v. Walker* (1978), 66 Ill. App. 3d 733, 383 N.E.2d 1361; *Mutual Truck Parts Co. v. Nelson* (1966), 69 Ill. App. 2d 30, 216 N.E.2d 301), or an erroneous continuance date. (See *Toth v. Samuel Phillipson & Co.* (1928), 250 Ill. App. 247.) Here, however, a vague and ambiguous statement was made to defendant and not one on which a reasonably prudent person would be entitled to rely. "It 'is well established that a litigant has to follow the progress of his case [citation], and inadvertent failure to do so is not a ground for relief [citation].' " *Cooper v. United Development Co.* (1984), 122 Ill. App. 3d 850, 856, 462 N.E.2d 629, 634, quoting *Stallworth v. Thomas* (1980), 83 Ill.

App. 3d 747, 751, 404 N.E.2d 554, 558.

Defendant's final contention in this regard is that plaintiff's delay in obtaining the default order and judgment as well as in instituting supplementary proceedings, along with notions of fairness, requires that the denial of his section 2—1401 petition be reversed. In support of this argument, defendant relies on a number of cases in which the defendant was relieved of the consequences of his negligence based on equitable considerations. (See, *e.g., Elfman v. Evanston Bus Co.* (1963), 27 Ill. 2d 609, 190 N.E.2d 348; *Resto v. Walker* (1978), 66 Ill. App. 3d 733, 383 N.E.2d 1361; *Stehman v. Reichhold Chemicals, Inc.* (1965), 57 Ill. App. 2d 40, 206 N.E.2d 299.) For example, in *Elfman v. Evanston Bus Co.* (1963), 27 Ill. 2d 609, 190 N.E.2d 348, where the plaintiff was injured as a result of a collision between the bus on which she was riding and a dairy truck, the supreme court reversed the denial of the defendant's petition to vacate a default judgment not only because of the plaintiff's delay in executing the judgment, but also because the defendant's petition showed a meritorious defense. Defense counsel's failure to appear was due to strain produced by his mother's death, and the evidence adduced at trial consisted of medical damages unrelated to the injury sustained while on the defendant's bus.

Likewise, in *Stehman v. Reichhold Chemicals, Inc.* (1965), 57 Ill. App. 2d 40, 206 N.E.2d 299, where the court reversed a default order entered against the defendant, the plaintiff not only delayed the proceedings, but also the defendant presented a meritorious defense in his petition to vacate accompanied by affidavits and exhibits, the facts of which the plaintiff did not deny in either her answer to the petition or in her brief submitted with the appeal, the plaintiff was nonsuited as to one of the defendants for wilful failure to comply with court orders, and the information as to the defendant's nonliability was overwhelming. Such unfair, unjust, or unconscionable circumstances, as in *Elfman* and *Stehman*, are not present in the instant case requiring relaxation of the due diligence requirement.

Defendant, citing *Eastman Kodak Co. v. Guasti* (1979), 68 Ill. App. 3d 484, 386 N.E.2d 291, maintains that he is entitled to special consideration because he filed his appearance *pro se*. Defendant overlooks the fact that in *Eastman*, while the defendant's *pro se* appearance was relevant in the court's determination to affirm the vacation of the default judgment, the court also noted that the defendant had established a meritorious defense to the plaintiff's claim.

■ Defendant asserts, however, that he too has a meritorious defense, but was precluded from presenting it at the hearing on his peti-

tion. We believe that the trial court correctly found that defendant's motion to vacate, and accompanying argument, included only unspecific and unsupported allegations of a meritorious defense, and therefore defendant failed to prove his right to the relief sought by a preponderance of the evidence. (See *Cooper v. United Development Co.* (1984), 122 Ill. App. 3d 850, 462 N.E.2d 629.) Furthermore, defendant's affidavit, in which defendant merely attests to the truth of the allegations contained in his petition, fails to meet the standard set forth by the supreme court in *Fooden v. Board of Governors* (1971), 48 Ill. 2d 580, 272 N.E.2d 497, *cert. denied* (1972), 408 U.S. 943, 33 L. Ed. 2d 766, 92 S. Ct. 2846, namely that an affidavit "is actually a substitute for testimony taken in open court and should contain as much pertinent information as the affiant could competently testify to if he were sworn as a witness." 48 Ill. 2d 580, 587, 272 N.E.2d 497, 500.

Defendant next contends that the $29,500 awarded plaintiff should be set aside because defendant was not afforded proper notice of the hearing on damages. As defendant points out, section 2—604 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—604) provides:

"In case of default, if relief is sought, whether by amendment, counterclaim, or otherwise, beyond that prayed in the pleading to which the party is in default, notice shall be given the defaulted party as provided by rule."

Therefore, the pertinent inquiry is whether $29,500 was beyond the limits of relief sought in plaintiff's complaint.

Defendant urges that *Dils v. City of Chicago* (1978), 62 Ill. App. 3d 474, 378 N.E.2d 1130, and *Klaisner v. Klaisner* (1975), 28 Ill. App. 3d 110, 328 N.E.2d 341, are controlling authority on this issue. In *Dils*, the plaintiff sought in his complaint $50,000 from the defendant. The defendant failed to appear at trial, and the trial court held a default hearing, at which time the court entered an order for damages in the sum of $246,524, almost five times the *ad damnum* in the complaint. The defendant filed a section 72 petition, now known as a section 2—1401 petition, challenging the award. The court concluded that "the instant judgment, a default judgment, is limited by the $50,000 *ad damnum*. *** [A] party has a right to assume that the relief granted on a default will not exceed or substantially differ from that described in the complaint." (*Dils v. City of Chicago* (1978), 62 Ill. App. 3d 474, 481-82, 378 N.E.2d 1130, 1136.) Thus, that portion of the decree exceeding the *ad damnum* was held void.

*Klaisner* was also an appeal from the denial of a section 72 peti-

tion. In that case, the plaintiff filed a complaint in which he sought a divorce, custody of the children, and " 'other and further relief as this Court may deem just and equitable in the premises.' " (*Klaisner v. Klaisner* (1975), 28 Ill. App. 3d 110, 111-12, 328 N.E.2d 341, 342.) The defendant failed to appear and a default hearing was held. The decree of divorce ordered the defendant to execute a deed conveying her interest in the marital home to the plaintiff. The court held that "the divorce court exceeded its authority by ordering the conveyance of defendant's interest in the marital home, which was first requested at the default hearing, without prior notice to the defendant. In doing so, the court rendered that portion of the decree void ***." 28 Ill. App. 3d 110, 114, 328 N.E.2d 341, 344.

■ *Dils* and *Klaisner* are distinguishable from the present case in that the relief awarded plaintiff here was not "beyond that prayed in the pleading." (Ill. Rev. Stat. 1983, ch. 110, par. 2—604.) In both of the cases discussed above, the defendant had no notice from the complaint of the possible extent of the relief which the court subsequently granted. Consequently, the defendants were "clearly prejudiced by reason of surprise." (*Dils v. City of Chicago* (1978), 62 Ill. App. 3d 474, 482, 378 N.E.2d 1130, 1136.) Here, however, no such prejudice resulted because defendant had adequate notice in the complaint that plaintiff was seeking damages "in excess of $15,000," an amount not substantially different from what plaintiff was ultimately awarded. See *Smith v. Airoom, Inc.* (1986), 114 Ill. 2d 209, 499 N.E.2d 1381 (damages awarded three times the original contract cost were not excessive in default judgment action where defendant was not notified of hearing on the assessment of damages).

For the foregoing reasons, we affirm the denial of defendant's section 2—1401 petition.

Affirmed.

MANNING, J., concurs.

JUSTICE CAMPBELL, dissenting:
I respectfully dissent from that part of the majority opinion which holds that plaintiff was not required to give notice to defendant of plaintiff's motion to vacate the dismissal for want of prosecution (d.w.p.) and to return the cause for prove-up of damages. As authority for its decision, the majority cites Rule 2.1(a) of the Circuit Court of Cook County and *Trojan v. Marquette National Bank* (1967), 88 Ill. App. 2d 428, 232 N.E.2d 160. In my view, neither of these authorities

is persuasive of the disposition.

With respect to Rule 2.1(a), the record is void of any indication that the applicability of Rule 2.1(a) to the circumstances at bar was raised below. Although an appellate court has the authority to affirm a trial court's decision on any theory properly preserved for review (*Harney-Morgan Chevrolet Olds Co. v. Rabin* (1983), 118 Ill. App. 3d 602, 455 N.E.2d 130), a theory not presented to the trial court is deemed waived for purposes of review. (*Consentino v. Price* (1985), 136 Ill. App. 3d 490, 483 N.E.2d 297.) For this reason, Rule 2.1(a) is an inappropriate ground for affirmance.

Further, *Trojan v. Marquette National Bank* does not stand for the proposition that a party in default is not entitled to notice of a motion to vacate a d.w.p. Rather, the *Trojan* court held that where a defendant had made no attempt to file his appearance either *pro se* or by counsel, the defendant was not entitled to notice of motion to set aside an order of dismissal for want of prosecution. In the present case, it is undisputed that defendant had filed a *pro se* appearance. The *Trojan* court declined to make a determination as to whether the notice requirement would be different if the defendant had filed an appearance.

The ramifications of the majority opinion should also be considered. In the present case, plaintiff's motion to vacate the d.w.p. was made within 30 days of the order and the parties were returned to status quo. Thus, because defendant was unaware that a d.w.p. had even been entered, arguably there was no actual prejudice to defendant. However, by virtue of the majority's decision, it is conceivable that a motion to vacate a d.w.p. made more than 30 days after the d.w.p. was entered could be granted without notice to the other party, thereby depriving that party of the right to assert a defense of lack of jurisdiction and preserve the d.w.p. Such an outcome would directly defeat the purpose of notice, which is to give all parties an opportunity to support or oppose a matter at issue. *Kleidon v. City of Hickory Hills* (1983), 120 Ill. App. 3d 1043, 458 N.E.2d 931.

In addition to plaintiff's failure to give notice to defendant of his motion to vacate the d.w.p., the record suggests other inadequacies of notice. Specifically, it is unclear whether defendant ever received notice of the motion for a default judgment or notice of the entry of default. Defendant contends that from the time of his *pro se* appearance in September 1980 until he was issued a citation to discover assets in August 1985, he never received notice of any of the intervening proceedings. Plaintiff maintains that the circuit court's computerized "register" of the case indicates that notice of the motion for a default

judgment with proof of service was filed on January 28, 1983, the same day default judgment was entered. Plaintiff offers no authority to support the contention that the introduction of a computerized printout indicating a filing is proof of service of notice to the parties. Nevertheless, the majority finds that defendant was properly served with notice of the motion for a default judgment and adds that defendant had "repeatedly refused to accept correspondence from plaintiff's counsel." (159 Ill. App. 3d at 804.) It is not clear to what "correspondence" the majority refers, as plaintiff has alleged no attempts to contact defendant other than the notice of motion for a default judgment. More importantly, plaintiff does not deny defendant's allegation that he was not given notice of the entry of default, but claims that defendant was not entitled to such notice. Again, plaintiff offers no legal support for this conclusion.

As a general principle, the party charging that proper notice has been given or that it is not necessary has the burden of proving that fact by clear and convincing evidence. (See *Buford v. Chicago Housing Authority* (1985), 131 Ill. App. 3d 235, 476 N.E.2d 427.) In the present case, plaintiff has failed to satisfy that burden with respect to either the motion for a default judgment or the default judgment itself. In *Czekaj v. Czekaj* (1978), 66 Ill. App. 3d 484, 384 N.E.2d 63, this court held that failure to provide notice of the entry of the default judgment "effectively deprived [defendant] of his day in court and of his opportunity to assert his defense," and consequently set aside the default judgment to afford the defendant an opportunity to be heard.

It is also noteworthy that although the default judgment was entered on January 28, 1983, defendant was not issued a citation to discover assets until August 1985. It is well established that service of an execution more than 30 days after rendition casts a cloud upon the proceedings and makes the plaintiff more vulnerable to a petition for relief from the judgment. *Resto v. Walker* (1978), 66 Ill. App. 3d 733, 383 N.E.2d 1361.

For these reasons, I would reverse the trial court's denial of defendant's petition to vacate the default judgment and remand the cause for a full hearing on the merits.