RONALD L. CHOVAN, Plaintiff-Appellant, v. FLOOR COVERING ASSO-
CIATES, INC., *et al.*, Defendants-Appellees.

Third District   No. 3—86—0776

Opinion filed August 21, 1987.

448

Richard L. Rumsey, of Anesi, Ozmon, Lewin & Associates, Ltd., of Chicago, for appellant.

Robert L. Speers and Thomas E. Mueller, both of Lindner, Speers & Reuland, P.C., of Aurora, for appellees.

JUSTICE WOMBACHER delivered the opinion of the court:
On February 4, 1985, plaintiff Ronald Chovan filed a complaint against defendant Floor Covering Associates, Inc., for permanent injuries he allegedly suffered due to the negligence of the defendant.

On April 17, 1985, the defendant filed interrogatories and a notice to produce documents. After noncompliance with the discovery requests, the defendants filed a motion to dismiss on July 29, 1985. At a hearing at which the plaintiff was not present, on August 1, 1985, the trial court dismissed the complaint for lack of compliance with the dis-

covery requests. The record reflects the fact that defense counsel sent a letter to the plaintiff's counsel on August 3, 1985, enclosing a copy of the August 1 dismissal order.

Subsequent to the dismissal, on September 18, 1985, the plaintiff complied with the defendant's request to produce. On May 7, 1986, the plaintiff answered the defendant's interrogatories.

Plaintiff submits that during a September 4, 1986, phone call to defense counsel, the purpose of which was to set up a deposition schedule, he first learned of the prior dismissal. He denies that he received the letter of August 3, 1985.

On October 29, 1986, the plaintiff filed a motion under section 2—1401 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—1401) to vacate the dismissal order. At a hearing held on November 5, 1986, the trial court denied the motion to vacate.

The plaintiff appeals the trial court's denial of the motion to vacate. He also appeals the trial court's decision to dismiss his complaint for failure to comply with discovery.

■ The propriety of the dismissal order, which was not timely appealed, is technically not before the court. (*Brandon v. DeBusk* (1980), 85 Ill. App. 3d 645, 407 N.E.2d 193; *Bailey v. Twin City Barge & Towing Co.* (1979), 70 Ill. App. 3d 763, 388 N.E.2d 789.) Section 2—1401 is not intended to provide a review of an order from which a party could have appealed within the time fixed by rule, and cannot be invoked as a substitute for a party's right to appeal. *Lofendo v. Ozog* (1983), 118 Ill. App. 3d 237, 454 N.E.2d 806; *Lilly v. County of Cook* (1978), 60 Ill. App. 3d 573, 377 N.E.2d 136.

The issue for resolution focuses on the propriety of the lower court's denial of the plaintiff's petition for relief under section 2—1401 of the Illinois Code of Civil Procedure.

Section 2—1401 provides a comprehensive statutory procedure for obtaining relief from final orders, judgments and decrees after the expiration of 30 days from the entry thereof.

■ To warrant relief pursuant to this section, petitioner must demonstrate (1) a meritorious defense or claim; (2) due diligence in presenting this defense or claim to the trial court in the original action; (3) that through no fault or negligence of his own an error of fact or a valid defense/claim was not raised to the trial court at the time the judgment was entered; and (4) due diligence in filing the petition for relief. *Falcon Manufacturing Co. v. Nationwide Brokers, Inc.* (1984), 123 Ill. App. 3d 496, 462 N.E.2d 562; *Cooper v. United Development Co.* (1984), 122 Ill. App. 3d 850, 462 N.E.2d 629; *In re Marriage of Ohlson* (1984), 126 Ill. App. 3d 374, 466 N.E.2d 1280.

■ It is essential that both elements, meritorious defense and due diligence, be shown, since the purpose of a proceeding under this section is to bring facts not appearing of record to the attention of the trial court, which, if known to the court at the time judgment was entered, would have prevented its rendition. *(Falcon Manufacturing Co. v. Nationwide Brokers, Inc.* (1984), 123 Ill. App. 3d 496, 462 N.E.2d 562.) In order to demonstrate due diligence, a party must show that his failure to defend was the result of an excusable mistake and that he acted reasonably, and not negligently, when he failed initially to resist the judgment. *Beno v. DeBoer Asphalt Paving Co.* (1983), 114 Ill. App. 3d 871, 449 N.E.2d 1021.

■ In the instant case the record is void of evidence indicating that the plaintiff was diligent in pursuing the original action. The petition for relief failed to explain the plaintiff's lack of diligence in complying with the discovery requests. The petition merely stated that discovery requests were complied with subsequent to the dismissal order. This information is not relevant to the court in considering the motion to vacate. The petition must present new facts, extraneous to the record, that relate to matters which antedate the rendition of judgment and not those arising after judgment is entered. (*Russell v. Klein* (1974), 58 Ill. 2d 220, 317 N.E.2d 556.) The argument that fundamental fairness demands a trial on the merits yields more easily to the proposition that courts cannot be indifferent to litigants' disregard for procedural rules. In such a case as this, requesting section 2—1401 relief in the context of a failure to comply with discovery, plaintiff must show that the dismissal order was not entered because of his lack of diligence. *Kukuk v. Checker Taxi Co.* (1973), 13 Ill. App. 3d 5, 299 N.E.2d 468.

■ Neither was the plaintiff diligent in filing his petition for relief. The record indicates that the plaintiff was notified by letter on August 3, 1985, of the dismissal order. The plaintiff disputes ever having received that letter. He contends that he did not learn of the dismissal until September of 1986. Ultimately, nearly 15 months passed before the post-judgment petition was filed.

■ Regardless of when the plaintiff learned of the dismissal order, his petition still lacks the elements required by law. The plaintiff had knowledge that the defendant had filed a motion to dismiss. The plaintiff knew the motion was set for hearing in August of 1985. Yet the plaintiff failed to attend the hearing or otherwise inform himself of the court's disposition of the motion. The post-judgment petition failed to state facts explaining the plaintiff's absence in court at the hearing and failure to inquire as to the court's ruling on the motion to

dismiss. Section 2—1401 does not afford a remedy whereby a litigant may be relieved of the consequences of his own mistakes or his counsel's negligence. *Manning v. Meier* (1983), 114 Ill. App. 3d 835, 449 N.E.2d 560.

In support of his contention that the trial court erred in denying his post-judgment petition, the plaintiff cites *Williams v. A. E. Staley Manufacturing Co.* (1981), 83 Ill. 2d 559, 416 N.E.2d 252. In *Williams* the supreme court affirmed the trial court's decision to grant a petition seeking to vacate its earlier dismissal of a complaint for failure of the plaintiff to comply with discovery. The supreme court noted that dismissal was a drastic action in light of the fact that there had been no attempt by the parties to resolve their differences concerning discovery, as is required by Supreme Court Rule 201(k). 107 Ill. 2d R. 201(k).

■ This court is mindful that dismissal is a drastic sanction. Sanctions for a party's violation of the discovery procedures should be "proportionate to the circumstances." (*Buehler v. Whalen* (1977), 70 Ill. 2d 51, 67, 374 N.E.2d 460.) However, the facts in *Williams* are distinguishable from the facts of the case at bar.

In *Williams* the plaintiff had timely filed answers to the defendant's interrogatories, yet failed to timely produce documents. The plaintiff was never notified of the hearing date set for the defendant's motion to dismiss. The plaintiff filed his post-judgment petition within days of learning of the entry of the judgment dismissing his cause; only 79 days had elapsed between the dismissal order and the post-judgment petition.

In the instant case, there was total noncompliance concerning both the interrogatories and requests to produce. The plaintiff was aware of the date set for the hearing on the defendant's motion to dismiss; he failed to attend the hearing or inquire as to the action taken there. The post-judgment petition was filed nearly 15 months subsequent to the dismissal order.

■ As the supreme court affirmed the trial court's decision in *Williams* upon the facts before it, so this court also affirms the trial court based on the record before us. The trial court has discretion whether to grant a section 2—1401 petition. Consequently, a court of review will not disturb a judgment on a petition unless the trial court abused its discretion. *In re Estate of Nakaerts* (1984), 125 Ill. App. 3d 862, 446 N.E.2d 1325; *People ex rel. Johnson v. Payne* (1984), 127 Ill. App. 3d 398, 469 N.E.2d 270.

■ We conclude that the petition at issue is grossly insufficient at law. It fails to set out any factual material, in existence at the time

the dismissal order was entered, that would have allowed the court to grant relief. Where there is no excuse for the previous failure to comply and no changed circumstances or additional facts are brought to the court's attention, vacature of the order is not warranted. *Hall v. Jacobs, Canadeca & Timpone* (1985), 134 Ill. App. 3d 516, 481 N.E.2d 5.

For the foregoing reasons the judgment of the circuit court of Will County is affirmed.

Affirmed.

STOUDER and HEIPLE, JJ., concur.